## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ,

      Plaintiff,

v.                                 Case No.: 6:26-cv-0695

KING CRAB ORLANDO, LLC, a
Foreign Limited Liability Company,
ZI TAO NI, an individual,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## KING CRAB ORLANDO, LLC

Defendant, KING CRAB ORLANDO, LLC, ("King Crab"), answers the

Complaint filed by Plaintiff, Juan Perez, as follows:

1.      Admitted.

2.      Without knowledge and, therefore denied.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      King Crab admits that venue is proper within the Middle District

of Florida.

7.      Admitted.

8.      Without knowledge and, therefore, denied.

9.     Without knowledge and, therefore, denied.

10.    King Crab admits that Perez has retained the law firm of Arcadier, Biggie & Wood, PLLC. King Crab is without knowledge as to the remaining allegations in the paragraph.

## GENERAL ALLEGATIONS

11.    Admitted.

12.    Admitted.

13.    Admitted that King Crab was Plaintiff's employer.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Without knowledge and, therefore, denied.

20.    Without knowledge and, therefore, denied.

21.    Without knowledge and, therefore, denied.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

2

27.    Admitted.

28.    Without knowledge and, therefore, denied.

29.    Without knowledge and, therefore, denied.

30.    Admitted.

31.    King Crab admits that Plaintiff worked as a dishwasher at its restaurant. King Crab denies the remaining allegations in the paragraph.

32.    Denied.

33.    King Crab admits that Plaintiff was paid a salary of $2,700.00 per month. King Crab denies the remaining allegations in the paragraph.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Admitted.

46.    King Crab admits that more than 15 calendar days have elapsed since its receipt of the Notice. King Crab denies the remaining allegations in the paragraph.

## COUNT I

47.    King Crab adopts its responses to paragraphs 1-46, above, and incorporates them by reference.

48.    Admitted.

49.    Denied.

50.    Denied.

51.    Denied.

## COUNT II

52.    Defendant adopts its responses to paragraphs 1-46, above, and incorporates them by reference.

53.    Admitted.

54.    Without knowledge and, therefore, denied.

55.    Denied.

56.    Without knowledge and, therefore, denied.

57.    Without knowledge and, therefore, denied.

58.    Denied.

59.    Denied.

60.    Denied.

61. Denied.

62. King Crab admits that it possesses records related to Plaintiff's work hours and compensation.

63. Denied.

64. Denied.

Any allegation not specifically addressed above is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent they are, in whole or in part, outside of the statute of limitations.

### Second Affirmative Defense

Plaintiff is not entitled to any relief under the FLSA because he was fully and justly compensated for all time he was suffered or permitted to work.

### Third Affirmative Defense

The claims under the FLSA are barred to the extent Plaintiff worked without knowledge of the employer.

### Fourth Affirmative Defense

King Crab had and has no intention to violate any provision of the FLSA. Therefore, it did not willfully violate the FLSA.

<u>Fifth Affirmative Defense</u>

At all times relevant hereto, King Crab acted in the good faith belief that it is and was complying with all applicable provisions of the FLSA.

<u>Sixth Affirmative Defense</u>

Any alleged violations of the FLSA were not willful and were based on a good faith reasonable belief of compliance with relevant laws.  Therefore, any claims for liquidated damages, penalties, or attorney's fees are barred under the FLSA.

<u>Seventh Affirmative Defense</u>

King Crab had and has no intention to violate any provision of the FMWA. Therefore, it did not willfully violate the FMWA.

<u>Eighth Affirmative Defense</u>

At all times relevant hereto, King Crab acted in the good faith belief that it is and was complying with all applicable provisions of the FMWA.

**WHEREFORE**, Defendant, King Crab Orlando, LLC, requests judgment in its favor and against Plaintiff finding that it has no liability to Plaintiff and awarding King Crab its costs, attorney's fees and such other relief as the Court deems proper.

BOND, SCHOENECK & KING, PLLC

/s/ Katherine V. Ramos-Bigley
Andrew H. Reiss – Lead Counsel
Florida Bar No. 116955
Katherine V. Ramos-Bigley
Florida Bar No. 1048878
E-mail:  areiss@bsk.com
E-mail:  kramosbigley@bsk.com
E-mail:  knettles@bsk.com
4001 Tamiami Trail N., Suite 105
Naples, FL 34103
(239) 659-3800 – Telephone
(239) 659-3858 – Facsimile

*Attorneys for King Crab Orlando, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Katherine V. Ramos-Bigley
Katherine V. Ramos-Bigley

7

23484874.v2-5/6/26